IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ALBERT R. WILLIAMS | § | |
| v. | § | CIVIL ACTION NO. 6:08cv238 |
| WARDEN POOL, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Plaintiff Albert Williams, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

In his complaint and amended complaint, Williams says that he was formerly confined in the Intermediate Sanction Facility, a private prison facility in Henderson, Texas. He stated that the facility did not have a law library, a collection of law books, legal forms, typewriters, or copying machines, that there are no trained inmates, jail house lawyers, or research assistants, and that the facility officials do not assist inmates in filing legal paperwork. Williams stated that he was told that the facility did not have to have a law library and would not let him have access to law books.

Williams said that he had two appeals pending in the Texas appellate courts and that he had papers to serve in a civil action, but the law librarian would not make copies for him. Much of Williams' amended complaint consists of a verbatim recitation of the Supreme Court's decision in <u>Bounds v. Smith</u>, 430 U.S. 817 (1976). Williams did not identify any harm which he suffered in the cases to which he referred as a result of the lack of a law library.

1

After review of the pleadings, the Magistrate Judge issued a Report on April 3, 2009, recommending that the lawsuit be dismissed. The Magistrate Judge noted that under Supreme Court and Fifth Circuit authority, inmates complaining of denial of access to legal materials had to show that they had suffered actual injury, such as that a complaint was dismissed for failure to satisfy a technical requirement or that he was so stymied by the inadequacies of the law library that he was unable to bring a complaint at all. The Supreme Court further observed that the legal proceeding in which the inmate was engaged had to be non-frivolous.

The Magistrate Judge noted that although Williams said that he had two appeals pending, one cause number which he provided, 94-02-171-CR, was not an appellate case number. A search through the records of all 14 courts of appeal in the State of Texas revealed only one appeal filed by Williams, in a case in which he sought mandamus relief against the Texas Board of Pardons and Paroles. That case was dismissed because the Texas state courts lack mandamus jurisdiction over the Board. In re Williams, slip op. no. 12-08-262-CR (Tex.App.-Tyler, June 18, 2008) (unpublished) (available on WESTLAW at 2008 WL 2440202). The Magistrate Judge observed that Williams' access or lack of access to the law library plainly had no effect on the decision in this case, and so he had failed to show actual injury with respect to this claim.

The other cause number given by Williams actually refers to his criminal conviction, from Montgomery County, Texas. The Magistrate Judge stated that according to the on-line records of the Texas Court of Criminal Appeals, Williams filed three state habeas petitions concerning this conviction, of which the latest was filed on January 8, 2008, and denied without written order on January 23, 2008. The Magistrate Judge stated that Williams failed to show that the lack of access to legal materials during his time in the ISF caused actual injury to his pursuit of state habeas relief.

With regard to the case for which Williams wanted copies for service of process, the Magistrate Judge said that there is no fundamental right to be provided with photocopies; in addition, the Magistrate Judge stated that Williams made no showing that the lawsuit which he was attempting to file was not frivolous, but presented an arguable legal claim. Similarly, the fact that the facility

did not have typewriters did not violate the Constitution, and the lack of access to persons trained in the law did not set out a claim because Williams made no showing of harm to any arguable, non-frivolous claim. The Magistrate Judge therefore recommended that Williams' lawsuit be dismissed as frivolous.

On April 27, 2009, Williams filed a motion for extension of time in which to file objections to the Magistrate Judge's Report, stating that he is in a drug treatment facility and will get out on June 9, 2009. The Court granted this extension, giving Williams until June 23, 2009, in which to file objections. However, no objections have been filed; accordingly, Williams is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this case and the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil rights lawsuit be and hereby is DISMISSED with prejudice as frivolous. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 6th day of July, 2009.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**